IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ESTATE OF ALLEGRA WARNICK,
Deceased                                                                         PLAINTIFF

v.                         Civil No. 2:25-cv-02085- MEF

BENTON COUNTY, ARKANSAS and
SHAWN HOLLOWAY, Benton County                         DEFENDANTS

**ORDER ON MOTION TO INTERVENE
AND STAY THE CASE**

Before the Court is Michael William Warnick's ("Warnick") Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. (ECF No. 47). The matter is before the undersigned by consent of the parties. (ECF No. 29, ¶ 11).

On June 17, 2025, Trenton Reicks ("Reicks") was appointed as Special Representative of the Estate of Allegra Warnick ("Allegra") by the Circuit Court of Crawford County. *In re Estate of Allegra Warnick*, 17PR-25-146 (Crawford Cnty. Cir. Ct. 2025). On May 18, 2026, upon discovery of this, Warnick filed a Petition for Removal of Personal Representative, Revocation of Letters, and a Motion to Transfer Venue in the Circuit Court. *Id*. Warnick insists that Reicks is unsuitable and disqualified to act on behalf of Allegra's estate because he procured his appointment through material misrepresentation to the Court. *Id*.

The present Motion to Intervene was filed on May 20, 2026, asking this Court to allow Warnick to intervene on behalf of Allegra's minor children and to stay the case pending a final and appealable state court ruling on his Petition for Removal. (ECF No. 47). Warnick contends that he is Allegra's biological father and with whom she resided in Benton County Arkansas at the time of her death. *Id*. Further, he states that Allegra's wrongful death beneficiaries under Arkansas law

are her three minor children who have been legally adopted by their aunt, Audra Warnick. *Id*. Warnick claims that Reicks is neither related to the minor children nor aligned with Allegra's immediate family.

On May 29, 2026, Warnick filed a Supplement to his Motion to Intervene contending that there is an approximate 13-hour data blackout between the two surveillance video files produced by the County. (ECF No. 52). He insists that this missing time directly conceals Allegra's "severe metabolic and respiratory distress within Booking Cell 6, standard-of-care violations, and structural cell check failures explicitly detailed in the internal jail narrative reports." Additionally, the footage cuts off at abruptly 7:16 a.m. during active chest compressions, suppressing the final 12 minutes of the rescue response. Warnick maintains that Reicks has failed to obtain this evidence, and without immediate intervention this electronic evidence could be permanently overwritten, altered, or lost by the remaining county defendants. *Id*.

On June 1, 2026, Warnick filed a Second Supplement to his Motion attaching copies of a Notice of Filing Supplemental Evidence he subsequently filed in the state court action. (ECF No. 53). It consists of Facebook posts made by Reicks regarding the circumstances surrounding Allegra's arrest and death, the fate of her dog, and allegations against Warnick.

A review of the state court docket indicates that Warnick's Petition for Removal, Revocation of Letters, and Motion to Transfer Venue has been scheduled for hearing on August 11, 2026, before the Honorable Mike Medlock, Crawford County Circuit Court. *In re Estate of Allegra Warnick*, 17PR-25-146 (Crawford Cnty. Cir. Ct. 2025).

Rule 24 requires the Court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,

2

unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "[A] party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). "The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 974–75 (8th Cir. 2014); *Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009). First, the prospective intervenor "must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'" *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834 (citation omitted). Second, the party seeking to intervene must establish "a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[I]n other words, the intervenors alleged injury must be 'fairly traceable to the defendant's conduct.'" *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975 (quoting *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834). Lastly, the prospective intervenor must establish that a "favorable decision will likely redress the injury." *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834. "Abstract injury is not enough." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

After reviewing Warnick's motion, the Court finds he has pled sufficient facts to establish standing. Accordingly, Plaintiff's Motion to Intervene (ECF No.47) is hereby GRANTED and the case is STAYED pending entry of a final order by the Circuit Court of Crawford County in the probate case regarding Warnick's Petition for Removal of Personal Representative, Revocation of Letters, and a Motion to Transfer Venue in the Circuit Court

IT IS SO ORDERED on this 4th day of June 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3